IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| PATRICK MCCANTS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 1:19-CV-00047-JB-B |
|  | ) |  |
| CITY OF FAIRHOPE, ALABAMA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

This matter is before the Court on Defendant, the City of Fairhope's ("Fairhope") Motion for Summary Judgment (Doc. 12), Plaintiff Patrick McCants' Motion in Opposition (Doc. 14), and Fairhope's Reply. (Doc. 15). After careful consideration, the Court concludes that Defendant's Motion due to be **GRANTED**.

I. **Factual Background**

Plaintiff was formerly employed by Fairhope as a "crew leader" in Fairhope's sanitation department. (Doc. 12 at 1). As a crew leader, he was "responsible for overseeing all residential and commercial garbage collection routes, managing the garbage crew, as well as the garbage assistant and generally responsible for all aspects of residential and commercial garbage collection." (*Id.*). In 2017, Plaintiff was diagnosed with cancer. Sometime that same year, Plaintiff used the accumulated "sick leave" he was entitled to under § 7.04 of Fairhope's Personnel Rules, Policies, and Procedures ("Personnel Rules"). (*Id.* at 2). This sick leave was not charged to the Family and Medical Leave Act ("FMLA") time to which McCants was entitled under § 7.05 of the Personnel Rules. In October 2017, Plaintiff requested and received twelve (12)

1

weeks of FMLA paid leave under § 7.05 of the Personnel Rules. Plaintiff's FMLA leave expired on January 15, 2018 and Fairhope gave Plaintiff an "interim unpaid leave of absence" pursuant to § 7.10 of the Personnel Rules. (*Id.* at 2).

On March 30, 2018, Fairhope Human Resources Manager, Leslie Green, met with Plaintiff in her office. (Doc. 1 at 2; Doc. 12 at 2). During the meeting, Green asked Plaintiff to have his treating physician send her a letter opining whether Plaintiff could return to work immediately, and if not, to opine whether Plaintiff could return to work by April 23, 2018. (Doc. 12 at 2). Green also asked Plaintiff to have his physician describe how the City might provide him a reasonable accommodation. (*Id.*). During the meeting, Green told Plaintiff he would be terminated if he could not return to work by April 23, 2018. (*Id.* at 3). Green provided Plaintiff with a letter memorializing the substance of the meeting and the information requested.

Fairhope received a letter from Plaintiff's physician on April 4, 2018. (*Id.*). In this letter, Plaintiff's physician stated Plaintiff was still undergoing intravenous chemotherapy and could not return to work due to the chemotherapy's after-effects and his ongoing treatment. (*Id.*). Plaintiff's physician did not explain how Fairhope could provide Plaintiff with a reasonable accommodation because it was his conclusion Plaintiff could not return to work before April 23, 2018. (*Id.*).

Plaintiff never returned to work and was notified of his termination via letter on May 17, 2018. (*Id.*). Plaintiff sought an evaluation from the EEOC and received a "Right-to-Sue" letter on November 9, 2018. (Doc. 14 at 12). Plaintiff's *pro se* complaint alleges Fairhope discriminated against him based on a physical disability – his cancer. (Doc. 1 at 1).

## II. Summary Judgment Standard

Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed.R.Civ.P. The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the non-movant to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen,* 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). "Summary judgment is justified only for those cases devoid of any need for factual determinations." *Offshore Aviation v. Transcon Lines, Inc.,* 831 F.2d 1013, 1016 (11th Cir. 1987) (citation omitted).

## III. Discussion

### A. Defendant's motion is due to be granted because Plaintiff is not a qualified individual under the Americans with Disabilities Act.

Plaintiff alleges Fairhope discriminated against him because he was terminated after using all of his municipal sick leave days and FMLA days. Fairhope contends Plaintiff's claim fails

3

because he is not a qualified individual under the Americans with Disabilities Act ("ADA").  To state a claim under the ADA, a plaintiff must show they are a "qualified individual" or a "qualified person."  42 U.S.C. § 12112(a).  "A 'qualified individual with a disability' is an 'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'"  *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000) (quoting 42 U.S.C. §12111(8)).

Plaintiff cannot establish a *prima facie* case under the ADA.  Although Plaintiff is disabled he is not a "qualified person" because he could **not** perform the duties of his job with or without a reasonable accommodation.  (*See* Doc. 12-1 at 24).  The letter from Plaintiff's treating physician makes it clear Plaintiff could not safely return to work because of the effects of his chemotherapy and ongoing treatment.  (*Id.*).  Because he could not perform his job "with or without reasonable accommodation," Plaintiff's physician requested Fairhope provide him further leave of absence (beyond the leave of absence Fairhope gave Plaintiff once his FMLA time ran out in January 2018).  (*Id.*).  Plaintiff's failure to demonstrate he could return to work "with or without reasonable accommodation" entitles Defendant to judgment as a matter of law.

   B. **Defendant's FMLA argument.**

Though Plaintiff brings no claim under the FMLA, Defendant also argues any claim under that statute must be resolved in its favor because "[it] afforded him [all statutorily required leave]."  The Court shall not address the merits of this argument because Plaintiff has brought no such claim.  To speak on such a defense against a non-existent claim would constitute an impermissible advisory opinion.  *See Khan v. Metro. Cas. Ins. Co.,* No. 6:12-cv-1354-Orl-KRS, 2014 U.S. Dist. LEXIS 200345, at *14-15 (M.D. Fla. Mar. 6, 2014); *El Faro Assembly of God, Inc. v. Am.*

*States Ins. Co.,* 2017 U.S. Dist. LEXIS 25350, at *12 (M.D. Fla. Feb. 23, 2017).  To the extent that Defendant requests the Court address the validity of its defense, it is denied.

**CONCLUSION**

Defendant's Motion for Summary Judgment is GRANTED.

**DONE and ORDERED** this 27th day of March, 2019.

>  /s/ JEFFREY U. BEAVERSTOCK
>  UNITED STATES DISTRICT JUDGE